In re Gary C. MURPHY, d/b/a
Murphy Interiors, Debtor.

Bankruptcy No. 93–33344–BKC–SHF.

United States Bankruptcy Court,
S.D. Florida.

Feb. 10, 1995.

Brad Culverhouse, Ft. Pierce, FL, for debtor.

### ORDER ON OBJECTION OF UNITED STATES TRUSTEE TO CONFIRMATION OF CHAPTER 11 PLAN

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on January 12, 1995, at the confirmation hearing on the Debtor's First Amended Plan of Reorganization (the "Plan"). Objections to the Plan were filed by the United States Trustee (the "UST") and by Curt Ogden Equipment Co. ("Ogden"), the largest creditor of this estate. Ogden, which holds a disputed judgment against the Debtor in the approximate amount of $1,280,000, failed to timely file its proof of claim, and consequently, the claim stands as disallowed. With the elimination of Ogden's claim, the Debtor's Plan is now a consensual plan, whereby the terms of the secured debt encumbering the Debtor's real property in Palm City, Florida, and Fenton, Missouri are slightly modified (without objection), and wherein, in addition to a six-year pay out to the Internal Revenue Service of the Debtor's unpaid 1992, 1993 and 1994 federal income taxes, the allowed general unsecured creditors (totaling $3,100.00) are to be paid monthly over fifteen years. Both of the creditors holding allowed general unsecured claims accepted the Plan.

The Court harbors some reservations as to the feasibility of the Plan under 11 U.S.C. § 1129(a)(11). However, having reviewed the financial projections contained in the Debtor's Disclosure Statement, and having compared these projections to the historical data contained in the Debtor's schedules relating to his substantial income level, the Court finds that the financial projections are not unrealistic, particularly with the elimination of Ogden's claim. The Court further finds that all of the other requirements for

confirmation delineated under § 1129 have been met. Therefore, the Court, by separate order, will enter an order confirming the Debtor's Amended Plan of Reorganization.

The gravamen of the objection raised by the UST relates to the allowance and treatment of the claim for attorney's fees submitted by Brad Culverhouse, Esq. ("Culverhouse"), the Debtor's counsel. Culverhouse has filed a fee application seeking compensation for legal services in the amount of $50,-687.50 together with reimbursement of expenses for $1,640.34. The fee request subsequently was reduced by Culverhouse to $25,-000.00, plus expenses, and the Debtor, at the confirmation hearing, confirmed his agreement to pay the $26,640.34 to Culverhouse on an installment basis. The UST does not object to the amount of the fee request, but rather, to the manner in which the compensation was secured by Culverhouse. The Debtor has granted a mortgage in favor of Culverhouse against his residence located at 727 S.W. 33rd Street, Palm City, Florida, to secure payment of attorney's fees incurred by the Debtor during the course of this case. This home is listed as the Debtor's homestead, and since no objection to his claim of exemption was filed, his equity in the property is exempt pursuant to Article X, § 4, Florida Constitution, and 11 U.S.C. § 522(b)(1). The Debtor estimates the market value of his home to be $250,000.00, subject to a first and second mortgage encumbering the property in the aggregate amount of approximately $60,000.00. Thus, the Debtor holds substantial equity in his home, which equity now secures payment of the $26,640.34 in attorney's fees and expenses due Culverhouse.

The UST argues that the granting of a mortgage against the Debtor's homestead to secure payment of his counsel's attorney's fee is inappropriate and is contrary to public policy. The UST both in its written objection and its argument at the confirmation hearing, asserts that counsel's action in taking a mortgage against the homestead property constitutes overreaching, and creates a conflict of interest in violation of 11 U.S.C. § 327(a).

In response, Culverhouse contends that the granting of a lien against the Debtor's homestead should be of no concern to the UST because the homestead is exempt and, as such, would not otherwise be available to satisfy the claims of creditors. Thus, Culverhouse argues that no creditor of the estate is adversely affected by the grant of a mortgage in favor of Culverhouse. Culverhouse further argues that unless the Court approves such a procedure, individuals and entities considering relief under the Bankruptcy Code will be unduly limited in their ability to seek protection. Without the ability to assure counsel of compensation for services to be rendered, such prospective debtors will be unable to obtain effective representation. The UST responds by contending that the arrangement whereby Culverhouse was to obtain a mortgage against a Debtor's homestead, at the very least, should have been fully disclosed at the commencement of the case.

As a prerequisite to serving as an attorney for a debtor, the Bankruptcy Code demands that the attorney does not "... hold or represent an interest adverse to the estate," and further, that such counsel be a "disinterested person". Section 101(14)(E) defines a disinterested person as one that "... does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest, in the debtor...." It seems obvious that this broad definition cannot reasonably be construed so as to preclude an attorney providing post-petition services to his debtor/client from seeking compensation for services rendered after the filing of the petition on the basis that the attorney had become a creditor by providing post-petition legal services to his client, thereby rendering the attorney an "interested" party as a creditor.

It stands to reason that the statutory mosaic must, at the least, be read to exclude as a "creditor" a lawyer, not previously owed back fees or other indebtedness, who is authorized by the court to represent a debtor in connection with reorganization proceedings—notwithstanding that the

lawyer will almost instantaneously become a creditor of the estate with regard to the charges endemic to current and future representation.

*In re Martin,* 817 F.2d 175, 180 (1st Cir. 1987).

However, a question is raised whether the status of an attorney for a debtor as a "disinterested person" changes when the attorney is granted a mortgage against the Debtor's property to secure payment of compensation. This issue has been discussed at length by numerous courts. The decision in *Martin* is cited often as setting forth factors that should be considered when examining a transaction where an attorney secures payment of fees by accepting a mortgage on the debtor's property. These noninclusive factors are:

1. The reasonableness of the arrangement.

2. Whether is was negotiated in good faith.

3. Whether the security demanded was commensurate with the predictable magnitude and value of the foreseeable services.

4. Whether the security was needed to ensure the engagement of competent counsel.

5. Whether there are signs of overreaching.

6. Whether there is a likelihood that a potential conflict of interest might turn into an actual conflict.

7. Whether the potential conflict may influence subsequent decision making.

8. The appearance of the arrangement to other parties in interest.

9. Whether the existence of the security interest threatens to hinder or delay the effectuation of a plan.

10. Whether the security is or could be perceived as an impediment to reorganization.

11. Whether fundamental fairness might be unduly jeopardized.

*Martin,* 817 F.2d at 182. *See also, In re Carter,* 101 B.R. 563, 565 (Bankr.E.D.Wis. 1989). The court in *Martin* also noted that—

What counts is that the matter not be left either to hindsight or the unfettered desires of the debtor and his attorney, but that the bankruptcy judge be given an immediate opportunity to make an intelligent appraisal of the situation and to apply his experience, common sense, and knowledge of the particular proceeding to the request. If a lawyer is desirous of benefiting from such an arrangement, *he has a responsibility to leave no reasonable stone unturned in bringing the matter to a head at the earliest practical moment.*

*Martin,* 817 F.2d at 182 (emphasis added).

What makes this case different than the others that have considered whether an attorney is "disinterested" when a mortgage is given to secure fees is that in all reported cases, the property securing the fees is property of the estate subject to the claims of creditors. Although the Debtor's property is property of the estate, it is exempt under Florida law from levy or execution. The Court finds this distinction sufficient to conclude that Culverhouse is a disinterested party to the proceeding. However, rather than assume that such an arrangement is acceptable merely because the property is claimed as exempt, the arrangement should be disclosed at the outset of the case so that the court can examine the arrangement with the *Martin* factors in mind. This disclosure will give the Court the opportunity to evaluate whether the arrangement is reasonable, necessary, without conflict, and without overreaching.

It could be argued that Culverhouse provided adequate notice when he stated in his affidavit in support of the Debtor's Motion for Authority to Retain Attorney for Debtor in Possession that:

3. Neither I nor said law firm represent any interest adverse to the debtor or the estate, and we are disinterested persons as required by 11 U.S.C. Section 327(a). The debtors have executed a mortgage with a future advacne [sic] clause on their home in favor of Brad Culverhouse, Attorney at Law Chartered.

However, the Court finds this disclosure insufficient especially in light of the Court's practice of approving motions to authorize

retention of counsel without a hearing. Rather than burying the fact that the attorney has taken a mortgage to secure his fees in an affidavit, an attorney should file a motion for court approval of this type of arrangement to the same extent that a post-petition creditor would be required to get court approval before extending credit to a debtor in exchange for a lien on the debtor's property.

 If an attorney fails to follow this procedure, the Court has numerous remedies that it may implement to rectify the situation, such as disqualification, disallowance of all or some fees, and/or invalidation of the security interest. *See, Martin*, 817 F.2d at 183; *In re Pierce*, 809 F.2d 1356, 1363 (8th Cir.1987). In hindsight, the Court determines that, had Culverhouse timely disclosed the mortgage on the Debtor's homestead, it would not have disqualified Culverhouse from representing the Debtor. Further, the fees requested by Culverhouse are reasonable. Because this is the first time the Court has opined on this type of arrangement, penalizing Culverhouse would be unfair. However, in the future the Court will not be reluctant to impose sanctions. Accordingly, it is

ORDERED that Culverhouse's fees in the amount of $25,000 and expenses in the amount of $1,640.34 are approved.

ORDERED.